FILED

2018 FEB 23  PM 3: 00

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA   BA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| JORGE RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No.: 6:18-CV-272-ORL-22-DCI |
| | ) |
| GULF COAST TRAVEL WORLD, INC., | ) |
| TRAVELSAVERS, INC., and DOES 1-4, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jorge Ramirez, sues Defendants, Gulf Coast Travel World, Inc. ("Gulf Coast Travel"), Travelsavers, Inc. ("Travelsavers"), and Does 1-4 (together "Defendants"), and alleges:

### Introduction

1.      This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act").

2.      Plaintiff is the registered owner of the copyright to the original photograph set forth on Exhibit A (the "Photograph-in-Suit").

### The Parties

3.      Plaintiff, Jorge Ramirez, is an individual residing in Orlando, Florida.  Plaintiff is a citizen of the United States.

4.      Gulf Coast Travel is a for-profit corporation organized and existing under the laws of the State of Florida.

5.      Gulf Coast Travel may be served with process herein by delivery to its President and registered agent, Jennifer Brink, at 5203 SW 8th Court, Cape Coral, Florida 33914.

SCANNED



6.      Travelsavers is a for-profit corporation organized and existing under the laws of the State of Delaware.

7.      On or about June 24, 2002, Travelsavers registered with the Florida Department of State's Division of Corporations as a foreign for-profit corporation.

8.      On or about September 15, 2006, Travelsavers' registration with the Florida Department of State's Division of Corporations was revoked for failure to file an annual report.

9.      Travelsavers may be served with process herein by delivery to its registered agent with the State of Florida, CT Corporation System, at 1200 South Pine Island Road, Plantation, Florida 33324.

10.     Additionally, Travelsavers may be served with process herein by delivery to its registered agent with the State of Delaware, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

11.     The true names and capacities, whether individuals, legal corporations, or otherwise, of Defendant Does 1-4 are unknown to Plaintiff at this time and therefore Plaintiff sues Defendant Does 1-4 by such fictitious names.  Plaintiff will (seek to) amend this Complaint to show the true names and capacities of the fictitiously-named Defendants when they have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each fictitiously named Defendant is liable in some manner to Plaintiff respecting the events and damages referred to in this Complaint.

### Jurisdiction and Venue

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

13.     This Court has personal jurisdiction over Gulf Coast Travel because it is a for-profit corporation organized and existing under the laws of the State of Florida and maintaing its principal place of business in the State of Florida.

14.     Additionally, this Court has personal jurisdiction over Gulf Coast Travel because: (i) Gulf Coast Travel has committed the tortious act of copyright infringement alleged herein in the State of Florida and in this judicial district; (ii) Gulf Coast Travel has caused injury to Plaintiff by infringing his copyrights; and (iii) Gulf Coast Travel engages in substantial and not isolated business activities in the State of Florida.

15.     This Court has personal jurisdiction over Travelsavers because: (i) Travelsavers has committed the tortious act of copyright infringement alleged herein in the State of Florida and in this judicial district; (ii) Travelsavers has caused injury to Plaintiff by infringing his copyrights; and (iii) Travelsavers engages in substantial and not isolated business activities in the State of Florida.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 both because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this district, and (ii) Defendants are subject to the Court's personal jurisdiction within this district.

**Factual Background**

17.     Plaintiff is a professional photographer of great skill and acclaim.   The outstanding quality of Plaintiff's photography earned him the U.S. Army's highest award for journalistic standards and a nomination for a Pulitzer Prize.   Plaintiff's clients have included many multinational corporations, such as Budweiser, McDonalds, Burger King, Subway, MasterCard, and Kodak, to name but a few.

18.     Plaintiff is selective and deliberate in the licensing of his photographs, and given his skill and popularity, Plaintiff commands significant payment for licensing his photographs.

19.     Plaintiff is the author and copyright owner of the photographic work listed on Exhibit A, the "Photograph-in-Suit."   A true and correct copy of Plaintiff's Certificate of Copyright Registration for the Photograph-in-Suit is attached hereto as composite Exhibit B.

20.     The registration date of the Photograph-in-Suit is March 27, 2014.

21.     Pursuant to 17 U.S.C. § 106, Plaintiff has the exclusive rights, among other things, to: (a) reproduce the Photograph-in-Suit in copies, (b) prepare derivative works based on the Photograph-in-Suit, (c) distribute copies of the Photograph-in-Suit to the public, and (d) display the Photograph-in-Suit publicly.

22.     Gulf Coast Travel is a travel agency that boosts that "through [its] global network of trusted travel partners" it "can custom tailor your vacation to perfectly match your individual needs."

23.     Gulf Coast Travel targets its business activities towards customers throughout the United States and abroad, including persons within the State of Florida and within this judicial district.   Indeed, Gulf Coast Travel's customers reside throughout the United States, including the State of Florida and within this judicial district.

24.     Travelsavers provides marketing services to travel agencies.

25.     In order to promote its business and obtain customers, Gulf Coast Travel operates and maintains the website www.gulfcoasttravelworld.com (the "Website"), a fully interactive commercial internet based e-commerce website that is accessible within the State of Florida and this judicial district.

26.     Travelsavers began managing Gulf Coast Travel's Website sometime in 2014.

4

27.     At least as early as May 6, 2015, Gulf Coast Travel began displaying the Photograph-in-Suit on its Website in violation of 17 U.S.C. § 106.

28.     A printout of Gulf Coast Travel's website displaying the Photograph-in-Suit is attached as Exhibit C.

29.     Gulf Coast Travel had control over its Website.

30.     At all relevant times, Travelsavers had control over Gulf Coast Travel's Website.

31.     Gulf Coast Travel had the power to cause the removal of the Photograph-in-Suit from its Website.

32.     Travelsavers had the power to cause the removal of the Photograph-in-Suit from Gulf Coast Travel's Website.

33.     Gulf Coast Travel was not licensed authorized or permitted to reproduce, modify, distribute, display, or otherwise use the Photograph-in-Suit.

34.     Traelsavers was not licensed authorized or permitted to reproduce, modify, distribute, display, or otherwise use the Photograph-in-Suit.

35.     Plaintiff never consented to Gulf Coast Travel's display, reproduction, modification, distribution or use of the Photograph-in-Suit.

36.     Plaintiff ever consented to Travelsavers' display, reproduction, modification, distribution or use of the Photograph-in-Suit.

37.     Plaintiff and Defendants are complete strangers to each other.

38.     At all times relevant to this action, Gulf Coast Travel has or should have known that it was not authorized to reproduce, modify, distribute, display, or otherwise use the Photograph-in-Suit.

5

39.     At all times relevant to this action, Travelsavers has or should have known that it was not authorized to reproduce, modify, distribute, display, or otherwise use the Photograph-in-Suit.

40.     Gulf Coast Travel did not compensate Plaintiff for its reproduction, modification, distribution, display, or other use of the Photograph-in-Suit.

41.     Travelsavers did not compensate Plaintiff for its reproduction, modification, distribution, display, or other use of the Photograph-in-Suit.

42.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that one or more of Gulf Coast Travel's corporate officers or directors are jointly and severally liable with Gulf Coast Travel for its infringement because such officers or directors had the right and ability to supervise the infringing activity and also had a direct financial interest in such activity.

43.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that one or more of Travelsavers' corporate officers or directors are jointly and severally liable with Travelsavers for its infringement because such officers or directors had the right and ability to supervise the infringing activity and also had a direct financial interest in such activity.

## Miscellaneous

44.     All conditions precedent to bringing this action have occurred or been waived.

45.     Plaintiff has retained counsel and is obligated to pay said counsel a reasonable fee for its services.

## COUNT I
### Direct Copyright Infringement Against Gulf Coast Travel

46.     The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

47.     Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

48.     The Photograph-in-Suit covers an original work of authorship.

49.     Gulf Coast Travel reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

50.     Plaintiff did not permit, consent, or authorize Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

51.     As a result of the foregoing, Gulf Coast Travel infringed Plaintiff's exclusive rights to:

A.      Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B.      Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C.      Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D.      Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-

Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

52.     Gulf Coast Travel's infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

53.     Gulf Coast Travel's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

54.     As a direct and proximate result of Gulf Coast Travel's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Gulf Coast Travel as follows:

(A)     Permanently enjoin Gulf Coast Travel from continuing to infringe Plaintiff's exclusive rights under copyright;

(B)     Order that Gulf Coast Travel destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Gulf Coast Travel's possession, custody, or control;

(C)     Award Plaintiff the actual damages suffered as a result of the infringements and Gulf Coast Travel's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D)     Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E)     Grant Plaintiff all such other and further relief this Court deems just and proper.

## COUNT II
## Direct Copyright Infringement Against Travelsavers

55.     The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

56.     Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

57.     The Photograph-in-Suit covers an original work of authorship.

58.     Travelsavers reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

59.     Plaintiff did not permit, consent, or authorize Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

60.     As a result of the foregoing, Travelsavers infringed Plaintiff's exclusive rights to:

A.      Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B.      Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C.      Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D.      Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

61.     Travelsavers' infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

62.     Travelsavers' infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

63.     As a direct and proximate result of Travelsavers' wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Travelsavers as follows:

(F)     Permanently enjoin Travelsavers from continuing to infringe Plaintiff's exclusive rights under copyright;

(G)     Order that Travelsavers destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Travelsavers' possession, custody, or control;

(H)     Award Plaintiff the actual damages suffered as a result of the infringements and Travelsavers' profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(I)     Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(J)     Grant Plaintiff all such other and further relief this Court deems just and proper.

## COUNT III
### Direct Copyright Infringement Against Doe #1

64.     The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

65.     Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

66.     The Photograph-in-Suit covers an original work of authorship.

67.     Gulf Coast Travel reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

68.     Plaintiff did not permit, consent, or authorize Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

69.     Plaintiff did not permit consent, or authorize Doe Defendant # 1's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

70.     Plaintiff did not authorize Doe Defendant #1 to allow, authorize or consent to Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

71.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #1 had the right and ability to supervise Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

72.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #1 had a direct financial interest in Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

73.     As a result of the foregoing, Doe Defendant #1 infringed Plaintiff's exclusive rights to:

A.      Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B.      Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C.      Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D.      Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

74.     Doe Defendant #1's infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

75.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #1's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

76.     As a direct and proximate result of Doe Defendant #1's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Doe Defendant #1 as follows:

(A)     Permanently enjoin Doe Defendant #1 from continuing to infringe Plaintiff's exclusive rights under copyright;

(B)     Order that Doe Defendant #1 destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Doe Defendant #1's possession, custody, or control;

(C)     Award Plaintiff the actual damages suffered as a result of the infringements and Doe Defendant #1's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D)     Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E)     Grant Plaintiff all such other and further relief this Court deems just and proper.

## COUNT IV
### Direct Copyright Infringement Against Doe Defendant #2

77.     The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

78.     Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

79.     The Photograph-in-Suit covers an original work of authorship.

80.     Gulf Coast Travel reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

81.     Plaintiff did not permit, consent, or authorize Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

82.     Plaintiff did not permit consent, or authorize Doe Defendant # 2's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

83.     Plaintiff did not authorize Doe Defendant #2 to allow, authorize or consent to Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

84.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #2 had the right and ability to supervise Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

85.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #2 had a direct financial interest in Gulf Coast Travel's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

86.     As a result of the foregoing, Doe Defendant #2 infringed Plaintiff's exclusive rights to:

A.     Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B.     Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C.     Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D.     Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-

Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

87.     Doe Defendant #2's infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

88.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #2's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

89.     As a direct and proximate result of Doe Defendant #2's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Doe Defendant #2 as follows:

(A)     Permanently enjoin Doe Defendant #2 from continuing to infringe Plaintiff's exclusive rights under copyright;

(B)     Order that Doe Defendant #2 destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Doe Defendant #2's possession, custody, or control;

(C)     Award Plaintiff the actual damages suffered as a result of the infringements and Doe Defendant #2's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D)     Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E)     Grant Plaintiff all such other and further relief this Court deems just and proper.

## COUNT V
### Direct Copyright Infringement Against Doe #3

90.     The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

91.     Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

92.     The Photograph-in-Suit covers an original work of authorship.

93.     Travelsavers reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

94.     Plaintiff did not permit, consent, or authorize Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

95.     Plaintiff did not permit consent, or authorize Doe Defendant # 3's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

96.     Plaintiff did not authorize Doe Defendant #3 to allow, authorize or consent to Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

97.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #3 had the right and ability to supervise Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

98.     After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #3 had a direct financial interest in Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

99. As a result of the foregoing, Doe Defendant #3 infringed Plaintiff's exclusive rights to:

A. Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B. Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C. Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D. Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

100. Doe Defendant #3's infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

101. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #3's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

102. As a direct and proximate result of Doe Defendant #3's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Doe Defendant #3 as follows:

(A)      Permanently enjoin Doe Defendant #3 from continuing to infringe Plaintiff's exclusive rights under copyright;

(B)      Order that Doe Defendant #3 destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Doe Defendant #3's possession, custody, or control;

(C)      Award Plaintiff the actual damages suffered as a result of the infringements and Doe Defendant #3's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D)      Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(E)      Grant Plaintiff all such other and further relief this Court deems just and proper.

## COUNT VI
### Direct Infringement of Copyrights Against Doe Defendant #4

103.    The allegations set forth in paragraphs 1-45 are hereby re-alleged as if fully set forth herein.

104.    Plaintiff is the registrant of the copyright to the Photograph-in-Suit as set forth on Exhibit A.

105.    The Photograph-in-Suit covers an original work of authorship.

106.    Travelsavers reproduced, distributed, and/or displayed the Photograph-in-Suit or prepared a derivative work from it.

107.    Plaintiff did not permit, consent, or authorize Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

108. Plaintiff did not permit consent, or authorize Doe Defendant # 4's reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

109. Plaintiff did not authorize Doe Defendant #4 to allow, authorize or consent to Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

110. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #4 had the right and ability to supervise Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

111. After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #4 had a direct financial interest in Travelsavers' reproduction of, distribution of, display of, or creation of a derivate work based on, the Photograph-in-Suit.

112. As a result of the foregoing, Doe Defendant #4 infringed Plaintiff's exclusive rights to:

A. Reproduce the Photograph-in-Suit in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

B. Prepare derivative works based upon the Photograph-in-Suit, in violation of 17 U.S.C. §§ 106(2) and 501;

C. Distribute copies of the Photograph-in-Suit to the public by sale or other transfer of ownership, or by rental lease, or lending, in violation of 17 U.S.C. §§ 106(3) and 501; and

D. Display the Photograph-in-Suit publicly, in violation of 17 U.S.C. §§ 106(5) and 501, by (i) displaying the Photograph-in-Suit in a place open to the public or at any place where

a substantial number of persons outside of a normal circle of family and social acquaintances is gathered and/or (ii) transmitting or otherwise communicating said display of the Photograph-in-Suit by means of a device or process to members of the public capable of receiving the display (as set forth in 17 U.S.C. § 101's definition of "publically" display).

113.    Doe Defendant #4's infringement of each of Plaintiff's rights in and to the Photograph-in-Suit constitutes a separate and distinct act of infringement.

114.    After a reasonable opportunity for further investigation or discovery, the evidence will likely show that Doe Defendant #4's infringements were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

115.    As a direct and proximate result of Doe Defendant #4's wrongful conduct, Plaintiff has suffered substantial monetary damages and other irreparable harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Doe Defendant #4 as follows:

(A)     Permanently enjoin Doe Defendant #4 from continuing to infringe Plaintiff's exclusive rights under copyright;

(B)     Order that Doe Defendant #4 destroy all copies of the Photograph-in-Suit made in violation of Plaintiff's exclusive rights under copyright that are in Doe Defendant #4's possession, custody, or control;

(C)     Award Plaintiff the actual damages suffered as a result of the infringements and Doe Defendant #4's profits that are attributable to the infringements, pursuant to 17 U.S.C. § 504(b), or statutory damages in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c), at Plaintiff's election, pursuant to 17 U.S.C. § 504(a);

(D)     Award Plaintiff his reasonable attorneys' fees and costs pursuant to 17 U.S.C.

§ 505; and

(E)     Grant Plaintiff all such other and further relief this Court deems just and proper.

<u>**Demand For Jury Trial**</u>

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 22, 2018.

Respectfully submitted,

**LIPSCOMB & PARTNERS, PLLC**
25 SE 2nd Avenue, 8th Floor
Miami, Florida 33131
Tel: (786) 431-2228
Fax: (786) 431-2229
info@lipscombpartners.com

By:

**David F. Tamaroff, Esq.**
Fla. Bar No. 92084
Email: dt@lipscombpartners.com
**Angela M. Lipscomb, Esq.**
Fla. Bar No. 31111
Email: al@lipscombpartners.com
*Attorneys for Plaintiff, Jorge Ramirez*